IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICK TARIQ RAHIM,<br><br>Defendant. | Case No. 1:23-cr-173 |

**PROTECTIVE ORDER**

This matter comes before the Court upon the Consent Motion of the United States and Defendant RICK TARIQ RAHIM seeking entry of a Protective Order (hereinafter, the "Order") pursuant to Fed. R. Crim. P. 16(d). The Order seeks to limit the dissemination of information relating to the privacy of third parties that the government discloses in discovery in this case.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. Certain materials included in the voluminous discovery the government intends to disclose to the defense contain social security numbers, dates of birth, addresses, phone numbers, or bank account numbers – or personal identifying information – of potential witnesses and other third parties (hereinafter "**Sensitive Information**," or "**SI**"). These documents and electronic records include, but are not limited to, financial records, business records, tax records, law enforcement investigative reports, and other documents obtained by grand jury subpoena and through other means. Further, certain documents regarding potential witnesses and other third parties are highly sensitive almost in their entirety, specifically materials considered to be

*Jencks*, including interview reports; and credit history reports; Accurint reports; criminal history reports; and DMV reports (hereinafter "**Highly Sensitive Information**," or "**HSI documents**").

2. Where materials containing SI are produced electronically the government shall provide these items to defense counsel in a password protected format or through a secure file sharing network. Only the physical disc, drive, or electronic folder on a secure file sharing network (and not the individual electronic files) must be labeled "Sensitive Information" and/or "Highly Sensitive Information."

3. All materials containing SI and HSI documents provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order.

4. Materials containing SI and HSI documents may be used by the defendant and defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with counsel's representation of the defendant in the defense of this criminal case, and for no other purpose without further order of this Court.

5. Materials containing SI and HSI documents shall be maintained in a secure manner at defense counsel's offices when they are not in use.

6. In the first instance, disclosure of materials containing SI and HSI documents shall be limited to the defendant and defense counsel, as defined above. If the defendant and defense counsel believes it necessary to disclose SI or HSI documents to additional parties—including but not limited to (a) persons providing expertise or advice to defense counsel to assist in the defense of the criminal case (hereinafter "authorized person"); (b) persons who are

interviewed as potential witnesses; (c) and counsel for potential witnesses—defense counsel may make such a disclosure but must (a) provide such parties with a copy of this Order; and (b) obtain a certification from such parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of this Court. Prior to the disclosure of any SI or HSI documents to a person not identified in this paragraph, defense counsel of record must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

7. The defendant is permitted to inspect or review all materials containing SI and HSI documents when meeting with the defendant's counsel without prior permission from this Court. The defendant may review all materials containing SI or HSI documents while at defense counsel's office or in defense counsel's presence.

8. If defendant wishes to review any documents containing SI outside of defense counsel's presence or outside of defense counsel's office, defense counsel shall redact such documents of any personal identifying information relating to any potential witness or other third party. Such redacted documents will still be considered SI insofar as they will be subject to every other limitation in this Order.

9. However, unless otherwise agreed to by the government or ordered by the Court, the defendant may not review documents containing HSI, whether or not redacted, outside of counsel's presence or outside of defense counsel's office. As such, the defendant cannot possess HSI anywhere outside of counsel's presence or outside of defense counsel's office.

10. Any copies of materials containing SI or HSI documents shall be treated in the same manner as the original materials.

11. Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make containing personal identifying information of third parties, or of HSI documents, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

12. Before providing materials containing SI or HSI documents to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

13. A copy of this Order shall be kept with printed copies of the materials containing SI or HSI documents at all times. An electronic copy of this Order shall be available for review on any database housing SI or HSI documents.

14. Upon request of the government at the conclusion of all stages of this case, and to the extent consistent with the ethical responsibilities of defense counsel, materials containing SI or HSI documents, and all copies made thereof, shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed by defense counsel, or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

15. To the extent any material unrelated to this criminal case is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, or in the case of electronic materials shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

16. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party that attaches or otherwise discloses personal identifying information, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

17. Materials containing SI or HSI documents may not be left in the possession of witnesses, attorneys for witnesses, or any other unauthorized person. However, persons retained by defense counsel to assist in the defense of the criminal case are authorized to review materials containing SI or HSI documents at their place of work. Such persons must ensure that the materials containing SI or HSI documents are not disclosed to unauthorized persons, and must maintain the SI or HSI documents in a secure manner.

18. Absent prior permission from the Court, neither materials containing SI or HSI documents, nor the SI itself, may be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

19. Nothing in this Order shall restrict use by the defense of SI or HSI documents during the defense's investigation of the allegations and preparation of the defendant's defenses or introduction as evidence at trial, except that with respect to the use of SI or HSI documents in trial exhibits, the defense is bound by Fed. R. Crim. P. 49.1 and this Protective Order. The

parties will confer prior to trial as to a mechanism for avoiding the unnecessary public disclosure of SI during a trial of this matter.

20. Nothing contained in this Protective Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

21. This Protective Order is binding on the Federal Public Defender's Office and on the defendant. The defendant shall not keep any discovery except as permitted by this Protective Order or any Court-ordered modification of the Protective Order.

IT IS SO ORDERED:

Claude M. Hilton
United States District Court Judge

Date: Jan. 8, 2024
Alexandria, Virginia